IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID A. BARDES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-CV-340 |
| | ) | |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Proceedings for Criminal Contempt. (Doc. 30.) The plaintiff, David A. Bardes, contends that the defendant, Massachusetts Mutual Life Insurance Company, has lied to the Court by stating that certain commissions the defendant owed to Mr. Bardes were vested, and asks the Court to incarcerate "these people."[1] The motion is frivolous.

The cases Mr. Bardes cites, *Galyon v. Stutts*, 241 N.C. 120, 124, 84 S.E.2d 822, 825 (1954), and *In re Edison*, 15 N.C. App. 354, 359, 190 S.E.2d 235, 239 (1972), hold that under North Carolina law, "obviously false or evasive testimony" can be punishable as contempt, depending on the facts of the case. These cases do not authorize Mr. Bardes to initiate a contempt proceeding in this court.

First, there is no testimony by the defendant that the commissions were vested. Mr. Bardes states in his motion that "MassMutual has told the court that my Agents' commissions were vested, . . .when they were not." (Doc. 30 at ¶ 13.) He cites MassMutual's Answer as the

---

[1] It is not completely clear whom Mr. Bardes is asking the Court to hold in contempt. In paragraph two of his motion, he states: "I motion these people go to jail as it is the only way to get this insurance company to stop lying to federal judges." (Doc. 30 at ¶ 2.)

place where MassMutual "testifies under oath" that the commissions were vested. (*Id.* at ¶ 14.) MassMutual's answer was not verified, so it was not under oath and is not testimony. (*See* Doc. 24.) Thus, there is no basis for a contempt proceeding under North Carolina law.

Second, even if contempt proceedings were authorized under North Carolina law, this Court must follow federal law on contempt, not state law. A federal court is limited by statute as to the kinds of conduct it can punish by criminal contempt. *See* 18 U.S.C. § 401. Mr. Bardes has cited no federal authority governing punishment of perjury by the contempt powers. From the Court's quick review of the authorities, it seems that under federal law, perjury alone is insufficient to justify use of the contempt power. *See, e.g.*, *In re Michael*, 326 U.S. 224, 227-228 (1945); *see also Ex parte Hudgings*, 249 U.S. 378, 382-83 (1919).

Whatever the parameters of this court's authority, the Court does not see any reason to initiate a contempt proceeding. *See Brandt v. Gooding*, 636 F.3d 124, 135 (4th Cir. 2011) ("Criminal contempt proceedings are . . . initiated at the sole discretion of the court . . . ."). Charges of contempt based on allegations of perjury are serious matters, not ordinarily called for in civil cases where the parties simply disagree about the facts. *See Michael*, 326 U.S. at 227. Such charges are certainly not appropriate for resolution as a preliminary matter where the factual allegations concerning the alleged perjury are tied up with the unresolved merits of the case. This would seem especially so here, where the events at issue took place well over a decade ago and where Mr. Bardes has himself admitted in materials filed with this Court that the commissions were vested. (Doc. 17 at ¶ 11.)[2] Factual disputes, when they exist, are resolved every day in courthouses across the country without contempt motions alleging perjury.

---

[2] Mr. Bardes now contends he was mistaken about whether the commissions were vested. (Doc. 32 at ¶ 6.)

2

Case 1:11-cv-00340-CCE-JLW   Document 33   Filed 09/10/13   Page 2 of 3

The defendant contends that the pending motion violates Rule 11, which provides that a pro se litigant who submits a pleading, written motion, or other paper to the Court certifies that the factual contentions have evidentiary support and the claims asserted are warranted by existing law. Fed. R. Civ. P. 11(b)(2), (3). That may well be so. However, the defendant has not filed a motion pursuant to Rule 11(c)(2). The Court will consider whether to direct Mr. Bardes to show cause pursuant to Rule 11(c)(3), as time permits.

The Court has allowed Mr. Bardes's fraud claim to proceed, and the Court will evaluate it on the merits when it comes before the Court in the manner and at the time contemplated by the Rules of Civil Procedure and the Local Rules. Going forward, Mr. Bardes would be well-advised to avoid filing further frivolous pleadings and must avoid offering irrelevant personal opinions about defense counsel. Mr. Bardes is warned that further pleadings or briefs containing such impertinent and scurrilous opinions are subject to being stricken in full on the Court's own motion, pursuant to Rule 12(f) or in the Court's inherent authority. *See* L.R. 7.2(a) (explaining what briefs shall contain, which list does not include personal opinions of counsel or parties). Frivolous motions, name-calling, and irrelevant opinions of a party do not move the case closer to resolution.

It is **ORDERED** that Plaintiff's Motion for Summary Proceedings for Criminal Contempt, (Doc. 30), is **DENIED**. The Plaintiff is **ORDERED** to cease asserting personal opinions about defense counsel in future briefs and pleadings.

This the 10th day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE